RECEIVED
NOV 1 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARY HAMILTON | CIVIL ACTION NO. 05-1337 |
| VERSUS | JUDGE DOHERTY |
| FAMILY DOLLAR STORES, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Presently pending before this Court is a Motion for Remand filed on behalf of the plaintiff, Mary Hamilton, on the grounds that diversity jurisdiction does not exist due to an insufficient amount in controversy. The motion is opposed by the defendant. For the following reasons, the motion shall be granted and this matter remanded to state court.

The following facts have been alleged by the plaintiff in her Petition and have not been contested by the defendant for purposes of the remand motion. Ms. Hamilton was a customer at the Family Dollar Store located on Main Street in New Iberia, Louisiana. She was testing the strength of a display table by sitting on it when the table collapsed beneath her and she fell to the floor below. The only description of her injuries and/or damages contained in the Petition is as follows: she "suffered substantial physical injuries; she has received medical treatment and is currently being treated for ongoing ailments associated with her fall; she has further endured substantial pain and suffering besides the costs of her medical treatment for her actual physical condition and has had to rely on family and friends to assist her in her every day activities."[1] She initiated this action in the Sixteenth Judicial District Court for the Parish of Iberia, State of Louisiana, seeking to recover

---

[1] Petition for Damages [Doc. 1], at ¶4.

damages against Family Dollar Stores, Inc. for its alleged violation of Louisiana law in causing her injuries. Family Dollar Stores, Inc. removed the action on the basis of diversity jurisdiction, alleging there was complete diversity between the parties and that the jurisdictional minimum amount in controversy was met. The plaintiff challenges this assertion in her remand motion.

Federal courts have original jurisdiction over civil actions in which the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). When an action over which the district courts of the United States have original jurisdiction is brought in a state court, any such civil action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. When jurisdiction is challenged, as it is in this case, the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction exists.

The Fifth Circuit has identified two avenues of proof available to a defendant who bears the burden of proving that the amount-in-controversy threshold is met in a removed case.

> First, jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].' . . . If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the *facts* – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount.'

Garcia v. Koch Oil Company of Texas, Inc., 351 F.3d 636, 639 (5th Cir. 2003). *See also* Grant v. Chevron Phillips Chemical Company, L.P., 309 F.3d 864, 868 (5th Cir. 2002). Unfortunately, the defendant has made no attempt, under either avenue, to demonstrate that the amount-in-controversy requirement is met herein.

With regard to the first alternative – whether it is facially apparent from the Petition that $75,000 in damages is at issue – the plaintiff's allegations that she has "suffered substantial physical injuries," with associated "ongoing ailments" and "substantial pain and suffering," does not meet that threshold. No information has been provided to this Court concerning Ms. Hamilton's claimed injuries or their extent. With no idea as to what Ms. Hamilton's allegations of "substantial physical injuries" refer – which, in this Court's experience, could refer to anything from a sprained wrist to broken bones – it is not clear from the face of the Petition that she has placed in excess of $75,000 at issue in this case. As to the second alternative for proving that the amount-in-controversy requirement is met – *i.e.*, a removing defendant can supplement the plaintiff's factual allegations by providing additional information concerning the plaintiff's claimed injuries or can demonstrate that the jurisprudence supports the conclusion that in excess of $75,000 in damages is at issue – the defendant's briefing does not provide any additional information beyond that found in the Petition, nor does it contain any argument concerning the value of the damages at issue.[2]

The party who has invoked this Court's jurisdiction is the defendant, Family Dollar Stores, Inc., and it did so through the mechanism of removal from state court. The defendant, therefore, has the burden of proving that jurisdiction actually exists. In light of the absence, in the briefing, of any

---

[2] The plaintiff has filed an affidavit in support of her remand motion indicating that the value of this case is less than $75,000.00. The defendant's argument focuses on this affidavit and seeks to demonstrate that the affidavit cannot reduce or lower the value of the case for purposes of evaluating jurisdiction. While the defendant's argument is substantially correct, it is inapposite. Fifth Circuit jurisprudence is clear that a plaintiff cannot change the value of a case after removal by filing an affidavit. In this case, the defendant has provided this Court with no basis for finding that jurisdiction exists in the first place. Therefore, the arguments – by both parties – concerning the legal significance of the affidavit executed by Ms. Hamilton are not pertinent to the remand analysis.

information that might be helpful to this Court in determining the value of Ms. Hamilton's claim, the defendant has not carried its burden of proof. For this reason, this Court finds that the defendant has not demonstrated that subject matter jurisdiction exists herein. The remand motion will be granted and this matter remanded to the Sixteenth Judicial District Court for the Parish of Iberia, State of Louisiana.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 7 day of November, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 11/14/05
BY Cw
TO ms

via Fax { Soileau
Lege'
Ungarino }